# UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

Case Number: __23-2030__

Case Name: __Fullman v. City of Philadelphia, et al.__

AMENDED INFORMAL BRIEF

RECEIVED
OCT 6 - 2023
4 Pa\
U.S.C.A. 3rd. CIR.

**DIRECTIONS:** Answer the following questions about your appeal to the best of your ability. Use additional sheets of paper if necessary. You need not limit your brief solely to this form but you should be certain that any brief you file contains answers to the questions below. The Court prefers short and direct statements.

1. **Jurisdiction:** What order(s) of the district court or agency are you appealing?

   May 11, 2018 Order denying Appellant an opportunity to conduct his discovery:
   July 2, 2018 Order denying Appellant's Motion to Compel Discovery:
   May 5, 2023 Order granting the Defendants Summary Judgment: Appellant also filed motions for assistance of counsel and reconsideration, which were all denied according to Appellant's recollection.

   What is the date of the order(s)? __May 11, 2018, June 18, 2018, July 2, 2018, and May 5, 2023__

   When did you file your notice of appeal or petition for review? __May 5, 2023__

2. **Statement of the case:** Explain the proceedings in the district court or before the agency (i.e. what the district court or the agency did in deciding you case).

The District Court erred and abused its discretion by ordering the Defendants to conduct discovery by deposing Appellant in the absence of fair and/or proper discovery by the Appellant. All Defendants were not entitled to summary judgment as a matter of law. The District Court further erred and abused its discretion in granting summary judgment to the City of Philadelphia, et al. Plaintiff was given confusing instructions for discovery. Fair and proper discovery would have assisted Appellant in proving his case. The District Court even further erred and abused its discretion claiming Appellant cannot identify any PPD officer who engaged in the alleged "cover-up." Appellant identified one of the officers involved in the "cover-up" as Sgt. Butts in his Response to Defendant's Motion for Summary Judgment, which took weeks to be filed and docketed by the clerk's office. Discovery would have identified all PPD officers who engaged in the alleged "cover-up." Fullman also believes he mentioned during his statement interview with Special Agent Timothy Tague, that he was informed that the PPD tested the gun used by Hikeem Harmon in the May 6, 2014 shooting in which Mr. Harmon, the suspect, ran into Fullman's apartment, came back with inconclusive results. Fullman filed the initial complaint in the district court after being repeatedly harassed and denied due process by the PPD. In addition, Plaintiff sent letters to Defendant Ross via certified mail with signature required for confirmation of receipt of letters. The District Court erred and abused its discretion by misinterpreting Appellant's attempt to sue Defendant Bonner in her individual capacity as she acted under color of state law caused a deprivation of a federal rights. Defendant Bonner intentionally acted under color of state and federal law and with deliberate indifference to a serious risk of harm to Plaintiff exposing his statement.

3. **Statement of facts:** Explain the facts and events that led to the complaint in the district court or the action before the agency.

Appellant Fullman filed a complaint in the district court against the City of Philadelphia for misconduct, obstruction of justice, deliberate indifference, harassment, conspiracy, and retaliation for reporting misconduct and giving two statements regarding two shootings in Philadelphia, which were covered up by the PPD. Defendant Bonner disclosed Appellant's statement to the accused shooter in retaliation and to silence Appellant's misconduct complaints and exposure of the cover-up and release of the three suspected shooters who were temporarily apprehended at the crime scene, but let go by Sgt. Butts. Defendants' retaliatory actions against Appellant violated department policies and his protected constitutional rights. Appellant's life has been threatened by the accused shooter and his friends because of the PPD informing the suspected shooter that Appellant had given a statement to police regarding the May 6, 2014 and August 19, 2014 shootings, both of which caused property damage.

The PPD did not make any arrests because the two shootings were mainly reported by the Appellant. Fullman is seeking recovery for the retaliation violation of department policy, deliberate indifference, disclosure of his statements to the accused shooters, and his protected civil rights violations. The harassment was in the form of ignoring his complaints, harassing him by exposing his statements to the suspect, Hikeem Harmon, to silence Appellant's complaints regarding the misconduct and cover-up. Mr. Fullman sought recovery for his injury and redress for his injuries and civil rights violations.

4.  **Statement of related cases:** Have you filed an appeal or petition for review in this case before? <u>Yes</u>. If so, give title of case and docket number.

Fullman v. City of Philadelphia, et al., No. 18-2483.

Do you have any cases related to this case pending in the district court, in the court of appeals or before the agency? <u>No</u>. If so, give title of case and docket number.

5.  Did the district court or the agency incorrectly decide the facts of your case? <u>Yes</u>. If so, what facts?

The district court incorrectly decided that Appellant cannot identify any PPD officer who engaged in the alleged "cover-up," insubordination, and misconduct. Appellant named Sgt. Butts as the ring leader of the cover-up. Sgt. Butts ordered the release of the three (3) apprehended shooting suspects, which started a commotion and arguments between the responding police officers. Appellant's request to add Sgt. Butts as an additional defendant was denied. Appellant further stated that Defendant Bonner informed HiKeem Harmon's attorney that he had given a statement regarding the two said shootings. Mr. Harmon informed Appellant's nephew of Appellant's statement to police. Mr. Harmon also approached Appellant and harassed him about his statement. Appellant was not allowed a fair discovery, which would have revealed all officers that came to the crime scene and returned later to collect the ballistics evidence. The district court overstepped its role of gatekeeper and stepped into the shoes of the jury with respect to stating Appellant could not identify any of the PPD officers who engaged in the alleged "cover-up." In addition, Appellant was never clearly asked to describe the nature of the "cover-up."

The district court incorrectly decided that Appellant's retaliation claims preceded his constitutionally protected action of submitting complaints to the PPD. The district court did not note that Appellant had given statements which Appellant believes is constitutionally protected action. The district court noted the confusion surrounding Appellant's retaliation claims. Appellant was confused and did not knowingly or purposely admit that the alleged adverse action—the disclosure of his statements to Defendants preceded his constitutionally protected action of submitting complaints to the PPD. Appellant's constitutionally protected action involved submitting his statements and complaints to Defendants, City of Philadelphia, Bonner and PPD, which was before he was threatened by one of the suspected shooters on July 25, 2016 according to the district court's May 5, 2023 Order. This should be a question for the jury. However, Appellant alleged that he was approached, harassed, and threatened by one of the suspected shooters (Mr. Harmon) on September 26, 2016, as correctly alleged in his Complaint. As a result of the noted confusion and/or misinterpretations, the district court incorrectly decided that Appellant was threatened on July 25, 2016. In addition, Appellant's nephew, Mark Fullman, threatened him on August 15, 2016, which was after the two shootings and after Appellant had given his statements to Defendants. Appellant also notes that the district court had his retaliation after protected activity claims correct during a prior Conference. Appellant believes that discovery would have cleared most of the confusion surrounding the timing of his retaliation claims.

The district court applied the wrong law regarding the Summary Judgment Rule 56. "Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A motion for summary judgment will not be defeated by 'the mere existence' of some disputed facts, but will be denied when there is a genuine issue of material fact." <u>Am. Eagle Outfitters v. Lyle & Scott Ltd.</u>, 584 F.3d 575, 581 (3d Cir. 2009) (quoting <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986). A fact is "material" if proof of its existence or nonexistence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." <u>Anderson</u>, 477 U.S. at 248.

Pursuant to Federal Rule of Civil Procedure 56, once the moving party meets its initial burden of demonstrating the absence of a genuine issue of material fact, the non-moving party must come forward with sufficient record evidence to establish the existence of each element of his case.

6. Did the district court or the agency apply the wrong law (either cases or statutes)? Yes. If so, what law do you want applied?

The district court applied the wrong law regarding the Defendant's entitlement to Summary Judgment Ruled 56.
The district court applied the wrong law regarding the Summary Judgment Rule 56. "Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A motion for summary judgment will not be defeated by 'the mere existence' of some disputed facts, but will be denied when there is a genuine issue of material fact." Am. Eagle Outfitters v. Lyle & Scott Ltd., 584 F.3d 575, 581 (3d Cir. 2009) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). A fact is "material" if proof of its existence or nonexistence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

Pursuant to Federal Rule of Civil Procedure 56, once the moving party meets its initial burden of demonstrating the absence of a genuine issue of material fact, the non-moving party must come forward with sufficient record evidence to establish the existence of each element of his case.

7. Are there any other reasons why the district court's judgment or the agency's decision was wrong? Yes. If so, briefly state these reasons.

The district court referred to the Appellant as a notorious and prolific litigant in the Federal Court, which was bias. Appellant's prior unrelated lawsuits should not have any impact or decision on this matter. The district court further erroneously concluded that Appellant could not identify any of the PPD officers who actually engaged in the alleged "cover-up." Appellant named two of the PPD officers in his Response to the Defendant's Motion for Summary Judgment. He also attempted to add them.

8. What action do you want the Court of Appeals to take in this case?

Appellant would like the case remanded back to the district court and any other relief this Court may deem appropriate as summary judgment was not appropriate in this case because the moving party did not meet its burden of demonstrating the absence of a genuine issue of material fact. Appellant would like to conduct fair and proper discovery to preclude summary judgment. The Appellant came forward with sufficient record evidence to establish the existence of each element of his case pursuant to Federal Rule of Civil Procedure 56. The Defendants are not entitled to summary judgment as a matter of law, and Appellant respectfully request this Court to review the entire record.

Andrew Fullman
Pro Se Appellant

3

In The
# UNITED STATES COURT OF APPEALS
# for the Third Circuit

### No. 23-2030

ANDREW FULLMAN,

*Appellant,*

v.

CITY OF PHILADELPHIA, ET AL

*Appellees.*

Amended Appeal from the U.S. District Court for the District of Eastern Pennsylvania
Dated May 5, 2023, at No. 17-2673

## APPELLANT'S AMENDED BRIEF

ANDREW FULLMAN
Pro Se Appellant
810 Arch Street, Apt. 304
Philadelphia, PA 19107
(610) 457-9498

Date: September 5, 2023

## APPENDIX

Appellant's Notice of Appeal is marked <u>Appendix A</u> and attached hereto.

### QUESTIONS PRESENTED

1. WHETHER THE STATUTE OF LIMITATIONS PERIOD SHOULD BE TOLLED TO THE TIME WHEN THE AMENDED COMPLAINT WAS FILED:

2. WHETHER THE DISTRICT COURT OVERSTEPPED ITS ROLE OF GATEKEEPER AND STEPPED INTO THE SHOES OF THE JURY REGARDING APPELLANT NOT ABLE TO IDENTIFY ANY PPD OFFICER WHO ACTUALLY ENGAGED IN THE ALLEGED "COVER-UP," AND THE EXISTENCE OF PROBABLE CAUSE IN BOTH SHOOTINGS WITH ONE OF THE SHOOTINGS DIRECTLY INVOLVING THE APPELLANT:

3. WHETHER THE DISTRICT COURT WAS BIAS TOWARD THE APPELLANT CLOUDED THE COURT'S JUDGMENT AND PREVENTED IMPARTIALITY AS A RESULT OF HIS PRIOR UNRELATED LAWSUITS:

4. WHETHER THE DISTRICT COURT GAVE APPELLANT, A PRO SE LITIGANT, CONFUSING INSTRUCTIONS RELATING TO DISCOVERY THUS CAUSING HIM TO RESUBMIT DISCOVERY WHICH THE TRIAL COURT DENIED:

5. WHETHER APPELLANT'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT WITH HIS DISCOVERY REQUESTS ATTACHED, WAS IMPROPERLY DELAYED IN BEING FILED AND DOCKETED, WHICH COUNSEL INFORMED THE COURT; CAUSED HIS ATTACHED DISCOVERY REQUESTS TO BE WRONGFULLY DENIED AS UNTIMELY:

6. WHETHER THE DISTRICT COURT ERRED AND ABUSED ITS AUTHORITY BY NOT VIEWING THE CLAIMS IN A LIGHT MOST FAVORABLE TO THE PLAINTIFF AND/OR ACCEPTING AS TRUE THE FACTS ALLEGED IN THE COMPLAINT, AND ALL REASONABLE INFERENCES THAT CAN BE DRAWN FROM THEM:

7. WHETHER ALL DEFENDANTS WERE ENTITLED TO SUMMARY JUDGMENT AS A MATTER OF LAW:

8. WHETHER APPELLANT WAS ENTITLED TO APPOINTMENT OF COUNSEL WITH RESPECT TO HIS FILINGS OF SEVERAL MOTIONS FOR APPOINTMENT OF COUNSEL REGARDING HIS DELIBERATE INDIFFERENCE CLAIMS WHICH HE ATTEMPTED TO ALLEGE:

9. WHETHER THE DISTRICT COURT ERRED AND ABUSED ITS AUTHORITY BY CONFUSING APPELLANT AND REFUSING HIM FAIR DISCOVERY, WHICH MAY HAVE PRECLUDED SUMMARY JUDGMENT:

10. WHETHER THE DISTRICT COURT ERRED AND ABUSED ITS AUTHORITY BY DENYING APPELLANT'S DUE PROCESS CLAIMS AND DEFENDANTS' DELIBERATE INDIFFERENCE TO A SERIOUS RISK OF HARM TO PLAINTIFF BY INTENTIONALLY DISCLOSED HIS STATEMENT TO SHOOTER AND ATTEMPTING TO COVER-UP THE TWO SHOOTINGS AND POLICE MISCONDUCT:

11. WHETHER THE DISTRICT COURT COMMIT BIAS, AND/OR ERRED AND ABUSED ITS AUTHORITY BY DIMISSING THIS LAWSUIT WITH PREJUDICE:

12. **WHETHER THE DISTRICT COURT ERRED IN ITS RULING THAT APPELLANT'S RETALIATION AFTER PROTECTED ACTIVITY CLAIMS PRECEDED HIS CONSTITUTIONALLY PROTECTED ACTION WITH RESPECT TO HIM BEING APPROACHED, HARASSED, AND THREATENED ON SEPTEMBER 26, 2016:**

## PROOF OF SERVICE

I, Andrew Fullman, certify that I have this date caused service by First Class Mail, postage pre-paid, of a true and correct copy of Appellant's Amended Informal Brief, on the counsel involved in this matter as follows:

Zachary Strassburger, Esquire
Deputy City Solicitor, Appeals Unit
City of Philadelphia Law Department
1515 Arch Street, 17th Floor
Philadelphia, PA 19102
(215) 683-2998

Andrew Fullman
Pro Se Appellant

Dated: October 5, 2023